SWANSON, J.
Appellant, FT Investments, Inc., seeks review of a final order of the Department of Environmental Protection finding appellant strictly liable for petroleum contamination on property purchased by appellant. Although conceding it did not qualify for the “innocent purchaser defense” under section 376.308(1)(c), Florida Statutes, because it knew of the petroleum contamination before it purchased the property, appellant argues it did qualify for the “third party defense” under section 376.308(2)(d), Florida Statutes, because the petroleum contamination was caused solely by the acts or omissions of a third party. We disagree and affirm.
In 1999, appellant purchased property containing an underground petroleum storage tank system for a gasoline service station that operated on the property from 1968 to 1980. Prior to purchasing the property, appellant contracted for an environmental assessment of the property, which revealed petroleum contamination. Appellant did not report the discovery of the petroleum contamination until 2003, when it submitted an application for eligibility in the Petroleum Cleanup Participation Program. The Department denied the application and later initiated an administrative enforcement action to compel appellant to undertake assessment and remediation of the reported petroleum contamination. After it was determined that there were no disputed issues of material fact, the Department assigned a presiding officer to conduct an informal proceeding. Appellant argued it was entitled to a third party defense to strict liability for the petroleum contamination under section 376.308(2)(d) because the petroleum contamination was caused solely by the acts or omissions of a third party. However, the presiding officer issued a final order concluding that appellant’s knowing purchase of contaminated property, which precluded the assertion of an innocent purchaser defense under section 376.308(1)(c), also precluded the assertion of a third party defense under section 376.308(2)(d). Alternatively, the final order concluded that even if appellant could assert a third party defense, appellant failed to exercise due care with respect to the contamination. This appeal followed.
Created in 1992, the innocent purchaser defense of section 376.308(l)(c) protects the purchaser of contaminated petroleum and drycleaning sites from strict liability under the statute if the purchaser can show that it (1) acquired title to property contaminated by the activities of a previous owner, operator, or third party; (2) did not cause or contribute to the discharge; and (3) did not know of the polluting condition at the time it acquired title after conducting an appropriate inquiry. Ch. 92-30, § 10, at 223, Laws of Fla. Aramark Uniform & Career Apparel, Inc. v. Easton, 894 So.2d 20, 24 (Fla.2004). Because the innocent purchaser defense is limited to petroleum and drycleaning sites, purchasers of other contaminated sites remain strictly liable unless they fall within one of the other defenses listed in section 376.308. Aramark, 894 So.2d at 24. Of these, the third party defense of section 376.308(2)(d) allows a defendant to escape *371 liability if it can show that (1) a third party’s act or omission was the sole cause of the contamination; (2) the defendant exercised due care with respect to the pollutant concerned, taking into consideration the characteristics of such pollutant, in light of all relevant facts and circumstances; and (3) the defendant took precautions against any foreseeable acts or omissions of any such third party and against the consequences that could fore-seeably result from such acts or omissions. Id. The third party defense preexisted the innocent purchaser defense and carried over, essentially unchanged, from earlier versions of the statute. See § 376.308(4), Fla. Stat. (1991). See also Sunshine Jr. Stores, Inc. v. State, Dep’t of Envtl. Regulation, 556 So.2d 1177 (Fla. 1st DCA 1990) (en banc) (applying the third party defense of section 376.308(4) to the purchase of petroleum contaminated property).
Appellant asserts the third party defense is distinct and independent from the innocent purchaser defense and its knowledge of the contamination prior to purchase, while precluding it from asserting the innocent purchaser defense, did not prevent it from asserting the third party defense. However, we cannot agree. When it amended section 376.308 to explicitly provide an innocent purchaser defense, the legislature expressed the clear intent that a purchaser of property must establish he or she did not have knowledge of the petroleum contamination after making an appropriate inquiry, essentially adopting Judge Ervin’s position in his dissenting opinion in Sunshine. 556 So.2d at 1184. This requirement would be rendered superfluous if a purchaser could simply circumvent it by asserting a third party defense. A basic rule of statutory construction provides the legislature does not intend to enact useless provisions, and courts should avoid interpretations that would render part of a statute meaningless. State v. Goode, 830 So.2d 817, 824 (Fla.2002). Moreover, a statute should be interpreted to give effect to all of its provisions. Acosta v. Richter, 671 So.2d 149, 153-54 (Fla.1996). Accord Aramark, 894 So.2d at 25. Accordingly, we conclude appellant could not use the third party defense as a means of avoiding strict liability when it knew of the petroleum contamination before it purchased the property. This properly places the burden on prospective purchasers of petroleum contaminated property to pursue reasonable options to minimize liability, such as negotiating a lower sales price, obtaining insurance, or simply choosing not to proceed with the purchase. Because the third party defense was not available to appellant, we do not reach the issue of whether appellant established due care.
AFFIRMED.
BENTON, C.J., and THOMAS, J., concur.